**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TERRANCE BOYD :
:
vs. : C.A. No. 00-612-ML[1]
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

This matter is before the Court on Terrance Boyd's Motion for Relief from Judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure in the above action. As discussed infra, the motion is procedurally flawed and must be denied.

BACKGROUND

Following a jury trial Boyd was convicted of committing a violent crime, murder, in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2. He was tried with five other defendants: George Sepulveda, Shariff A. Roman, George Perry, Giovanni Lara and Eryn Vasquez, who were also convicted of various charges. Boyd was sentenced to life imprisonment without parole.[2]

Boyd's conviction and sentence were affirmed on direct appeal, see United States v. Boyd, 181 F.3d 183 (1st Cir. 1999), cert denied sub nom Sepulveda v. United States, 528 U.S. 1127 (2000). Thereafter, Boyd moved for relief under 28 U.S.C. § 2255, contending that (1) this Court lacked jurisdiction over his offense due to insufficient proof as to the effect of his and

---

[1] See footnote 3, infra.

[2] Boyd was also ordered to make restitution, jointly and severally with certain co-defendants, in the amount of $40,000 to the family of murder victim Jose Mendez.

other Latin King activities on interstate commerce; and (2) his counsel rendered ineffective assistance due to counsel's failure to challenge the Court's aiding and abetting instruction, to object to testimony vouching for certain witnesses, to object to the partial closure of the courtroom and to effectively cross-examine a government witness. This Court denied habeas relief, see Boyd v. United States, CA 00-612-ML (D.R.I. Nov. 9, 2001)(slip op.), and the Court of Appeals affirmed. See Boyd v. United States, No. 02-1036 (1st Cir. May 24, 2002)(slip op.)(denying request for COA).

In April 2004 Boyd filed the instant motion for relief from judgment pursuant to F.R.Civ. P. 60(b)(4).[3] In his motion he claims that the jury selection process at his underlying trial was conducted in violation of the Jury Selection and Service Act, 28 U.S.C. § 1861 et seq, and his rights under the Sixth Amendment. The Government has filed an objection, and Boyd has filed a reply and subsequent related filings. In view of the Court's disposition of this matter, no hearing is necessary.[4]

## DISCUSSION

A. Legal Principles

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ...

---

[3] Although Boyd's Rule 60(b) motion and the Government's response thereto were filed and docketed in the underlying criminal prosecution, CR No. 95-75-ML, the Court deems those filings and any related papers to have been filed in Boyd's previous § 2255 proceeding, entitled Terrence Boyd v. United States, CA 00-612-ML. See discussion infra at 4. In the instant ruling, the Court adopts the spelling of Boyd's first name ("Terrance") as it appears in his Rule 60(b) motion and related papers.

[4] The Court notes that the claims and arguments set forth in Boyd's papers in support of the instant Rule 60(b) motion are identical in substance to those set forth in the Rule 60(b) motion filed in this Court by his co-defendant George Sepulveda, which motion has been denied by this Court. See Memorandum and Order dated August 15, 2005 in Sepulveda v. United States, CA 00-624-ML.

> from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The First Circuit has recently addressed the use of Rule 60(b) motions by federal prisoners in connection with attempts to reopen judgments dismissing their § 2255 petitions, concluding that:

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [Citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." [Citation omitted.]

Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to habeas petition under 28 U.S.C. § 2254).

Thus, if a Rule 60(b) motion is deemed to be a "second and successive" petition, a court must dismiss it for lack of subject matter jurisdiction, or alternatively transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3) and § 2255, para. 8.[5] See

---

[5] 28 U.S.C. § 2255, para. 8. provides in pertinent part:
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
(Emphasis added.)

id at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

B. Nature of Challenge Here

In the instant case, Boyd's rule 60(b) motion suffers from several fatal defects. First, Boyd has filed the motion in his underlying criminal case, United States v. Terrence Boyd, CR No. 95-075-ML. However, a motion filed pursuant to F.R.Civ.P. 60(b) only lies to challenge a civil judgment, including a judgment entered in a postconviction proceeding initiated pursuant to 28 U.S.C. §2254 or 2255, which are deemed civil proceedings. Thus, to the extent that Boyd purports to file the instant rule 60(b) motion in the underlying criminal action, it is procedurally improper and must be dismissed. See e.g. United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998)(motions under F.R.Civ.P. 60(b) may not be used to attack criminal convictions); United States v. Simpson, 238 F.3d 417 (4th Cir. 2000)(unpublished table decision)(same); United States v. Cabero, 2005 WL 1484669 at *1 (E.D. Tenn. June 21, 2005) and cases cited. The Court therefore will construe Boyd's Rule 60(b) motion as having been filed in his previous §2255 proceeding, Boyd v. United States, CA 00-554-ML, and direct that the motion and all related filings be docketed in that proceeding.

Even favorably construed this way, Boyd's Rule 60(b) motion remains fatally flawed. The motion – which challenges the jury selection process at his criminal trial – does not contest any procedural irregularity in the procurement of the judgment dismissing his § 2255 motion but rather seeks to attack the validity of his underlying conviction and sentence. As such, the motion constitutes a second and successive § 2255 petition. See Munoz, 331 F.3d at 153. The Anti-Terrorism and Effective Death Penalty Act, P.L. 104-132 (1996), requires a federal prisoner, before prosecuting a successive habeas petition in a district court, to obtain from "the appropriate

court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A)(as incorporated in 28 U.S.C. § 2255). See id. at 153, citing Rainieri v. United States, 233 F.3d 96, 99 (1st Cir. 2000). Here, there is nothing in the record to indicate that Boyd obtained authorization from the appropriate court of appeals pursuant to § 2255, para. 8 and § 2244(b)(3). Absent such authorization, this Court is without jurisdiction to consider the motion. See id.

Moreover, as the Government points out, the ground asserted in the instant rule 60(b) motion -- alleged violations of the Jury Selection and Service Act (JSSA) and the Sixth Amendment in the the jury selection process at his underlying trial -- was not even mentioned in Boyd's previous § 2255 petition, but rather was raised and denied during his direct appeal. See United States v. Boyd, 181 F.3d 183, 191-195 (1st Cir. 1999). See also United States v. Wall, 2005 WL 991763 at *1 (D. Del. April 27, 2005) (rule 60(b) motion dismissed where defendant raised claims related to his sentencing which were not raised in his previous § 2255 motion).

In short, Boyd's filing of the instant rule 60(b) motion rather than requesting the necessary certification by the Court of Appeals under 28 U.S.C. § 2244(b)(3) constitutes an impermissible "end run" around the requirements of the statute. Accordingly, the motion must be dismissed. See United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999), quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998)), cert. denied, 529 U.S. 1176 (2000).[6]

---

[6] This Court is cognizant that the instant matter may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive § 2255 motion. See Barrett, 178 F.3d at 41 n. 1 (noting that while several circuits *require* transfer in such situations, the First Circuit has yet to implement such a blanket mandate but that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues). Here, the Court finds that dismissal of the instant Rule 60(b) motion is warranted,

Finally, the Court notes that even if Boyd's jury selection claims warranted consideration on their merits, they would fail. Those claims were previously raised and fully discussed by the Court of Appeals on direct appeal. See Boyd, 181 F.3d at 191-195. Moreover, the supporting documents proffered by Boyd as part of the instant rule 60(b) motion are not sufficient to show any error, constitutional or otherwise, requiring reversal of the conviction.

The Court has considered Boyd's other arguments, including his arguments invoking Fed.R.Civ.P. 60(b)(6), and finds them to be without merit.

CONCLUSION

The Court directs that the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and all related filings, be docketed in Boyd's previous § 2255 proceeding, CA 00-554-ML. As re-docketed, that motion is DENIED and DISMISSED.

So Ordered:

Mary M. Lisi
United States District Judge

September 7, 2005

---

as its numerous flaws (discussed above) constitute an egregious violation of the procedural requirements of AEDPA for postconviction filings. Moreover, even construed as a potential second and successive motion, it is untimely, having been filed more than four years after his conviction became final. In addition, the Court notes that a separate request by Boyd for leave to file a second and successive motion pursuant to 28 U.S.C. § 2255 was recently denied by the Court of Appeals. See Terrence Boyd v. United States, No. 05-2021, Judgment (1st Cir. July 22, 2005).