IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERRANCE BOYD | ) | |
| | ) | C.A. 00-0612ML |
| v. | ) | (1:95CR00075-002ML) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S OBJECTION TO PETITIONER'S
PETITION FOR WRIT OF ERROR *CORAM NOBIS*
PURSUANT TO 28 U.S.C. § 1651

The United States objects to the Petitioner's Petition for Writ of Error *Coram Nobis* for the reasons set forth in the attached Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2005, I served a copy of the within Government's Objection to Petitioner's Petition for Writ of Error *Coram Nobis* by mailing same by first-class mail, postage prepaid, to Mr. Terrance Boyd, Register No. 04225-070, United States Penitentiary, P.O. Box 1000, Lewisburg, Pennsylvania 17837.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERRANCE BOYD | ) | |
| | ) | C.A. 00-0612ML |
| v. | ) | (1:95CR00075-002ML) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S OBJECTION TO PETITIONER'S
PETITION FOR WRIT OF ERROR *CORAM NOBIS*
PURSUANT TO 28 U.S.C. § 1651

The petitioner, Terrance Boyd ("petitioner"), seeks to challenge that portion of his sentence relating to restitution by filing a "Petition for Writ of Error *Coram Nobis*, pursuant to 28 U.S.C. § 1651".

**Background**

On April 10, 1997, after a 44-day trial, the petitioner was convicted of committing a violent crime (murder)in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2. United States of America v. Terrence Boyd, 1:95CR00075-002ML (D. R.I.). The petitioner committed these offenses between November 1993, and September 1995.

On September 23, 1997, the petitioner was sentenced to a life sentence and five years' supervised release. In addition, he was ordered to pay (1) the mandatory special assessment and (2) $40,000 in restitution, for which he was jointly and severally liable with his co-defendants – George Sepulveda 1:95CR00075-01ML, Shariff Roman 1:95CR00075-03ML, George Perry 1:95CR00075-04ML, and Hakim Davis 1:95CR00075-05ML – to the father of the murdered victim.

The petitioner appealed his conviction and on June 30, 1999, said judgment of conviction was affirmed. See United States v. Boyd, 181 F.3d 183 (1st Cir. 1999), *cert*. denied *sub nom* Sepulveda v. United States, 528 U.S. 1127 (2000).

On December 6, 2000, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence; on July 19, 2001, the petitioner filed a motion to amend that motion. On November 9, 2001, the Court denied the Motion to Vacate Pursuant to 28 U.S.C. § 2255.

The petitioner appealed, and the United States Court of Appeals for the First Circuit on May 29, 2002, denied the petitioner's request for Certificate of Appealability and terminated the appeal.

On April 12, 2004, the petitioner again sought relief by filing a motion pursuant to Rule 60(b)(4), which the Court denied on September 8, 2005.

On November 17, 2004 (amended on December 6, 2004), the petitioner filed a Petition for a Writ of *Habeas Corpus*, pursuant to § 2241, in the United States District Court for the Middle District of Pennsylvania, the district in which the petitioner is incarcerated, arguing that the sentencing court imposed an illegal restitution order and that his counsel was ineffective. On December 23, 2004, the Court denied the petitioner's § 2241 Motion for lack of subject matter jurisdiction and ordered the case closed. The Court concluded that § 2241 was an improper vehicle to challenge the validity of a restitution order as § 2241 only applied to a challenge to custodial confinement or to the manner of execution of a sentence (Terrance Boyd, Petitioner, v. Joseph V. Smith, Respondent, 3:CV-04-2492).

On January 6, 2005, the petitioner filed, again in the United States District Court for the Middle District of Pennsylvania, a Motion to Alter or Amend Judgement pursuant to 59(E) of the Federal Rules of Civil Procedure. The motion was denied on September 6, 2005.

The petitioner now requests that the Court, pursuant to 28 U.S.C. § 1651, vacate that portion of his sentence relative to restitution and that the case be remanded (1) for "certain factual findings" as to the determination of the loss sustained and the defendant's ability to pay, (2) for clarification of the term "jointly and severally", (3) for sentencing under the correct statute [he claims that he was sentenced under the wrong statute - The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, instead of the Victims Witness Protection Act (VWPA)],18 U.S.C. § 3663, and (4) because of ineffective counsel.

**Argument**

Unlike a Writ of Habeas Corpus, a Writ of Error *Coram Nobis* is issued once the petitioner is no longer in custody. Its legal effect is to vacate the underlying conviction, United States v. Sawyer, 239 F.3d 31 (1st Cir. 2001), and may be issued only as an "extraordinary remedy" under circumstances that compel the issuance of the Writ "to achieve justice". United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954); See United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991). Since the petitioner is still in custody, he may not petition for a Writ of Error *Coram Nobis*. Additionally, even if such a writ were applicable, the modification of his judgment would be inappropriate for the following reasons:

1. More than 120 days have elapsed since the petitioner's conviction became final.[1] Therefore, the petitioner may not seek to correct or reduce his sentence. Fed. R. Crim. P. 35.

2. The petitioner complains that the Court did not explain how "jointly and severally" ordered restitution affected him. The terminology "jointly and severally" means that each defendant is responsible for the total amount imposed until said amount is paid in full. The petitioner did not

[1] The United States Supreme Court denied his petition for a Writ of *Certiorari* in 2000.

seek an explanation of this terminology at his sentencing and, therefore, the Court had no obligation to provide one.

3. The petitioner claims that the restitution portion of his sentence was illegal because it was imposed under the MVRA. The petitioner was properly sentenced under the MVRA since both the conviction (the finding of guilt by the jury - April 1997) and sentencing (September 1997) of the petitioner[2] occurred after April 24, 1996, the effective date of the MVRA. 18 U.S.C. § 3663A.

The petitioner also claims his sentencing under the MVRA for offenses occurring prior to the MVRA's enactment violated the *ex post facto* clause of the United States Constitution, U.S.C.A. Const. Art. 1 § 9, cl. 3, and disadvantaged him by holding him responsible for the full amount of restitution without consideration of ability to pay. A statute violates the *ex post facto* clause if (1) it criminalizes conduct that was legal when done; (2) inflicts greater punishment for an offense than was inflicted by the law in existence at the time the offense was committed; or (3) eliminates a defense that was available under the law at the time the offense was committed. United States v. Rose, 153 F.3d 208 (5th Cir. 1998), citing Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719 (1990).

The passage of the MVRA did not criminalize conduct that was legal when committed, nor did it eliminate a defense that was available under the law at the time the petitioner's offense was committed.

The petitioner argues that he suffered a greater disadvantage or penalty by being sentenced under the MVRA than he would have under the VWPA, which mandated the Court to order full restitution without giving consideration to the petitioner's ability to pay. 18 U.S.C. § 3664(f)(1)(A).

---

[2] A federal prisoner's "judgment of conviction" generally includes both the adjudication of guilt and the sentence. Deal v. United States, 508 U.S. 129, 113 S. Ct. (1993).

He relies on the Third Circuit Court of Appeals' decision in United States v. Edwards, 162 F.3d 87 (3[d] Cir. 1998), which concluded that restitution was "punishment" under MVRA, and said Act disadvantaged him by holding him accountable for the full amount of restitution when, under the VWPA he would not, in all likelihood, have been held accountable for the full amount.

However, other appellate courts have concluded that, because restitution is not a criminal punishment, the second prong of the test for violation of the *ex post facto* clause does not apply. United States v. Nichols, 169 F.3d 1255, 1279-80 (10[th] Cir. 1999), *cert*. denied, 528 U.S. 934, 120 S.Ct. 336, 145 L.Ed.2d 262 (1999). In United States v. Gifford, 90 F.3d 160, 163 (6[th] Cir. 1996), it was recognized that the "primary purpose of restitution is to compensate the innocent victim of a crime" and did not inflict a punitive penalty. While the criminal law may permit the imposition of punishment on behalf of all of society, such as incarceration or a fine, the equitable payment of restitution in this context inures only to the specific victim of a defendant's criminal conduct and such an imposition does not possess a similar punitive character as a fine or term of incarceration. United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 2149, 135 L.Ed. 2d 549 (1996) (stating that in the context of the Double Jeopardy Clause the fact that sanctions are "tied to criminal activity . . . is insufficient to render the [sanctions] punitive").

The non-punitive character of restitution has also been cited in United States v. Black, 125 F. 3d 454, 467 (7[th] Cir. 1997) where it was stated, "restitution is no 'punishment' within the meaning of the *ex post facto* clause". In United States v. Hampshire, 95 F.3d 999, 1006 (10[th] Cir. 1996), an *ex post facto* clause challenge was also rejected because restitution under the Child Support Recovery Act is not criminal punishment. Other Courts have also indicated that restitution is not a criminal or punitive penalty. See, United States v. Arutunoff, 1 F.3d 1112, 1121 (10[th] Cir. 1993),

*cert.* denied, 510 U.S. 1017 (1993), ("the VWPA's purpose is not to punish defendants . . . but rather to ensure that victims, to the greatest extent possible, are made whole for their losses"). United States v. Rochester, 898 F. 2d 971, 983 (5th Cir. 1990) ("The restitution imposed pursuant to the VWPA . . . is not in the nature of a fine. Rather, the purpose of the VWPA is to ensure that wrongdoers, to the degree possible, made their victims whole.")[3]

Moreover, restitution is not statutorily characterized as punitive. Title 18 U.S.C. §§ 3663A(a)(1) and 3663(a)(1)(A) both state that restitution should be made in addition to or in lieu of "any other penalty authorized by law". This statutory language recognizes that the inherent and primary purpose of restitution is to compensate the victim of crime rather than to affect the criminal in some way; the MVRA barely concerns itself with the effect of restitution upon a defendant in its attempt to ensure that victims of a defendant's criminal activity are made whole. See, Government of Virgin Islands v. Davis, 43 F.3d 41, 47 (3d Cir. 1994) *cert.* denied, 585 U.S. 1123 (1995). ("[R]estitution ordered under the VWPA is compensatory rather than punitive. Awards are designed to compensate victims for their losses, rather than to serve retributive or deterrent purposes.")

The petitioner further argues that the Court failed to make certain factual findings relative to his ability to pay prior to imposing restitution. Under the MVRA, the "court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The Court may rely on the government's reasonable approximation of loss, United States v. Futrell, 209 F.3d 1286, 1920 (11th Cir. 2000), and may accept estimates of loss when precision is not possible.

---

[3] See also United States v. Hudson, 118 S.Ct. at 495-96 (1997), and S.A. Healy Co. v. Occupational Safety & Health Review Comm'n, 138 F.3d 686, 688 (7th Cir. 1998) both note that money penalties have not been viewed historically as punishment.

United States v. Jackson, 155 F.3d 942, 948 (8th Cir. 1998) *cert.* denied, 525 U.S. 2059 (1998).

4. The petitioner asserts that his counsel's assistance was ineffective since his counsel did not object to the statute under which restitution was ordered. As stated above, there was no need for counsel to object since the Court properly imposed restitution under the MVRA.

**Conclusion**

For the foregoing reasons, the petitioner's request for a Writ of Error *Cobam Nobis* should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2005, I served a copy of the within Memorandum in Support of the Government's Objection to Petitioner's Petition for Writ of Error *Coram Nobis* by mailing same by first-class mail, postage prepaid, to Mr. Terrance Boyd, Register No. 04225-070, United States Penitentiary, P.O. Box 1000, Lewisburg, Pennsylvania 17837.