**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CA. No. 00-612ML |
| | ) | |
| TERRENCE BOYD | ) | |

**GOVERNMENT'S OBJECTION TO BOYD'S MOTION FOR RELIEF FROM JUDGEMENT UNDER 28 U.S.C. § 1651 AND FEDERAL RULES OF CIVIL PROCEDURE, RULE 60(b)**

## I. INTRODUCTION

Acting Pro-Se, Terrence Boyd (Boyd) has filed a Motion For Relief From Judgment (Motion for Relief) relying on the All Writs Act, 28 U.S.C. § 1651 and, in the alternative, Rule 60(b) of the Federal Rules of Civil Procedure. In argument Boyd also relies on the Suspension Clause as a third basis of authority. Boyd v. United States, CA. No. 00-612 (D.R.I. May 30, 2008). [1] Boyd now moves to reopen his original § 2255 motion and requests an evidentiary hearing as to the courtroom closure issue first addressed in his original § 2255 which was denied nearly seven years ago. (Boyd v. United States, CA. No. 00-612 (Nov. 9, 2001) [2]

[1] Boyd has previously filed a petition under § 2255 and extensively challenged the denial of that motion. This filing represents Boyd's second motion under § 1651 and his second motion under Fed. R. Civ. P. 60(b).

[2] For the sake of simplicity, the government will cite to docket entries by title of document and date of entry to describe Boyd's

The government maintains that Boyd's Motion for Relief is an inappropriate use of the All Writs Act and that his attempt to use Rule 60(b) is, just as his first Rule 60(b) motion was, a second or successive § 2255 Motion to Vacate for which Boyd has not obtained the necessary permission to file. Finally, Boyd's argument under the Suspension Clause is wholly without merit. Boyd's claim requires no evidentiary hearing and should be denied on the pleadings.

## II. PROCEDURAL HISTORY

Boyd's long appellate and post-conviction history began after his conviction in 1997 for murder, a Violent Crime in Aid of Racketeering. He was sentenced to life imprisonment. United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert. denied, Boyd v. United States, 528 U.S. 1098 (2000).

Boyd filed a notice of appeal. United States v. Boyd, No. 97-2224 (1st Cir. Record on Appeal Filed, Oct. 30, 1997). On appeal Boyd took issue with the jury selection process, evidentiary rulings, and the denial of his Rule 29 motion for judgment of acquittal. Boyd failed to raise the courtroom closure issue in his direct appeal. United States v. Lara, 181 F.3d 183, 191 (1st Cir. 1999).

---

excruciatingly long and procedurally abusive history.

On June 30, 1999, after addressing those issues that Boyd did raise and finding them to be "without basis in fact or in law," the First Circuit affirmed Boyd's conviction. Id. at 206. Mandate issued on August 24, 1999. United States v. Boyd, No. 97-2224 (1st Cir. Mandate Issued, Aug. 24, 1999). Three days later, Boyd petitioned the Court for rehearing en banc. United States v. Boyd, No. 97-2224 (1st Cir. Order, Aug. 27, 1995). The court denied rehearing and the mandate was re-issued on October 8, 1999. United States v. Boyd, No. 97-2224 (1st Cir. Mandate, Oct. 8, 1999).

Boyd appealed the Circuit's denial and filed a Petition for Writ of Certiorari in the Supreme Court. Boyd v. United States, No. 97-2224 (1st Cir. U.S. Supreme Court Notice, Dec. 9, 1999). On January 10, 2000, the Supreme Court denied Boyd's Petition for Writ of Certiorari. Boyd v. United States, 528 U.S. 1098 (2000).

Boyd filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 just prior to the one-year limitation set out in the Anti-Effective Death Penalty Act ("AEDPA"). Boyd v. United States, CA. No. 00-612 (D.R.I. Motion, Dec. 6, 2000). Boyd claimed that he had received ineffective assistance of counsel due to his counsel's failure to object to the partial closure of the courtroom, which he

alleged happened every time the trial judge took the bench. This Court later granted Boyd leave to amend his Motion to Vacate and he did so, but in ways not relevant here. Boyd v. United States, CA. No. 00-612 (D.R.I. Order, Sept. 5, 2001). Boyd's motion was denied on November 9, 2001. Boyd v. United States, CA. No. 00-612 (D.R.I. Memorandum and Order, Nov. 9, 2001).

After the dismissal of his first § 2255, Boyd filed a Motion for Certificate of Appealability (COA) almost one full year after filing his first § 2255 motion. United States v. Boyd, CA. No. 00-612 (D.R.I. Motion, Dec. 13, 2001). The Court denied Boyd's COA request on December 18, 2001. Boyd v. United States, CA. No. 00-612 (D.R.I. Memorandum and Order, Dec. 18, 2001).

Boyd never-the-less appealed the denial of his § 2255. Boyd v. United States, CA. No. 00-612 (1st Cir. Notice of Appeal, Jan. 2, 2002). The First Circuit ordered that the case could not proceed without a COA. Boyd v. United States, No. 02-1036 (1st Cir. Order, Jan. 9, 2002). As ordered by the Court, Boyd filed a Petition for a COA. Boyd v. United States, No. 02-1036 (1st Cir. Jan. 23, 2002). In this Petition for a COA Boyd again claimed ineffective assistance of counsel on the courtroom closure issue. However, in this filing, he claimed that his

attorney did not object to closure of the courtroom during voir dire. Boyd v. United States, No. 02-1036 (1st Cir. Judgment, May 24, 2002). In support Boyd filed an affidavit purportedly signed by his foster mother and nebulously alleged that someone other than the trial judge prevented her from entering the courtroom at the start of voir dire. [3] Id. He argued that the district court erred in dismissing his first § 2255 without holding an evidentiary hearing with regard to that issue. Id.

The First Circuit noted that the district court did not err in dismissing Boyd's first § 2255 (based on closure when the judge took the bench) without a hearing. Boyd v. United States, No. 02-1036 (1st Cir. Judgment, May, 24, 2002). The Court explained that it was not necessary to hold an evidentiary hearing, because temporary restrictions on ingress and egress during court proceedings is not a closure for Sixth Amendment purposes. Id. (citing Bell v. Evatt, 72 F.3d 421, 433 (4th Cir. 1995)). The Court then addressed the alleged denial of his foster mother's entry by someone other than the judge (the argument advanced in his second COA Petition) which was supported by her

[3] The basis of that alleged exclusion, if it happened at all, may have been the imposition of heightened security procedures necessary in a trial involving several members of a violent street gang, not the closure of the courtroom from the public at large.

affidavit. The First Circuit held that no substantial showing of ineffective assistance of counsel was present where Boyd did not allege that he brought the issue to the attention of his lawyer at either the trial or on direct appeal. Boyd v. United States, No. 02-1036 (1st Cir. Judgment, May 24, 2002).[4] On May 24, 2002, Boyd's second COA request was denied and the appeal was terminated. Id.

Boyd next petitioned for a panel rehearing on the denial of his second COA Petition. Boyd v. United States, No. 02-1036 (1st Cir. Petition, June 6, 2002). Boyd again argued that he received ineffective assistance of counsel. However, this time he claimed that the ineffective assistance was with regard to his attorney's failure to object during trial to the court's violation of his Sixth Amendment right to a public trial. Boyd v. United States, 02-1036 (1st Cir. Order, July 10, 2002). In support of this argument, Boyd alleged that the trial judge prohibited anyone from entering or leaving the courtroom while court was in session without complying with the procedures for such restriction set forth in Waller v. Georgia, 467 U.S.

---

[4] Boyd seemingly relies on that same affidavit of his foster mother in his current Motion for Relief without even attempting to cure the deficiency first identified by the First Circuit over six years ago. He does not attach a copy to his filing.

39, 48 (1984). Boyd v. United States, 02-1036 (1st Cir. Order, July 10, 2002).

In its order, the First Circuit held that the courtroom closure issue had been argued and decided in full. Id. Specifically, the Court ruled that Boyd's failure to raise this issue regarding the trial court's non-compliance with Waller in either his first § 2255 or any of his COA requests, precluded him from raising the ineffective assistance claim now. Boyd v. United States, 02-1036 (1st Cir. Order, July 10, 2002).

The Court noted that even if Boyd had raised this issue in his COA request, and assuming that Waller was applicable, the district court met the Waller standard. Id. The Court observed that any courtroom restriction was merely a partial one, thereby relaxing the standards of Waller to require only a "substantial reason" for restricting access. Id. (citing United States v. DeLuca, 137 F.3d 24, 33 (1st Cir. 1998)). The First Circuit noted that a "substantial reason" existed as evidenced by security issues and other concerns which the district court laid out in its Memorandum and Order denying Boyd's first § 2255 motion. Boyd v. United States, 02-1036 (1st Cir. Order, July 10, 2002) (citing United States v. Lampley, 127 F.3d 1231, 1239 (10th Cir. 1997)).

Uninhibited by the Court's decisions and orders on the matter, twelve days later Boyd filed a petition requesting a rehearing or rehearing en banc, which the Court denied. Boyd v. United States, No. 02-1036 (1st Cir. Order, Sept. 4, 2002).

More than four years after Boyd's conviction became final, Boyd filed his first Rule 60(b) motion as a Motion for Relief. Boyd v. United States, CA. No. 00-612 (D.R.I. Motion, April 12, 2004). In this motion, Boyd only claimed error in the jury selection process used in his criminal trial. He did not attempt to further relitigate the courtroom closure issue. This Court found Boyd's motion, filed under Rule 60(b), to be a second or successive § 2255 because the motion attacked the validity of his underlying conviction. Boyd had not yet gained permission to bring a second or successive § 2255 and therefore the Court denied Boyd's first Rule 60(b) motion. Boyd v. United States, CA. No. 00-612 (D.R.I. Order Sept. 8, 2005).

In yet another attempt to attack his sentence, on February 1, 2006, Boyd filed his first § 1651 motion as a Petition for a Writ of Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651 challenging the restitution portion of his sentence. Boyd v. United States, CA. No. 06-051 (D.R.I Motion, Feb. 1, 2006). Again, Boyd did not

attempt to relitigate the courtroom closure issue so thoroughly decided. This Court denied Boyd's petition. Boyd v. United States, CA. No. 06-051 (D.R.I. Judgment, Feb. 1, 2006). Boyd appealed the Court's denial of his motion. Boyd v. United States, CA. No. 06-051 (D.R.I. Notice of Appeal, Feb. 21, 2006). On September 13, 2006 the First Circuit affirmed the denial of Boyd's petition. Boyd v. United States, No. 06-1343 (1st Cir. Judgment, Sept 13, 2006).

Boyd now brings this Motion for Relief, which represents his second § 1651 motion relying on the All Writs Act, and his second motion relying Rule 60(b), all to once again attack the denial of first § 2255 motion which has been thoroughly reviewed, re-reviewed and conclusively decided by this Court and by the First Circuit. Boyd's Motion for Relief also contains another new and separate argument under the Suspension Clause which meritlessly attacks the constitutionality of the AEDPA.

## III. ARGUMENT

### A. Introduction

In Boyd's Motion for Relief, he attempts to resurrect his long dead original § 2255 petition utilizing two previously employed rules, and exploiting one new Constitutional ground. However, the duplicative and

previously decided or waived claims must all end at the doorstep of the AEDPA. Boyd's trial, his conviction, and his sentence have been repeatedly reviewed with approval. Boyd's newest argument, under the Suspension Clause, is also wholly without merit.

Boyd once again leans on the All Writs Act, 28 U.S.C. § 1651, a statute he first employed unsuccessfully in 2006. Boyd claims that § 1651 gives this Court power to vacate his conviction. However, Boyd's use of § 1651 is, in reality, an inappropriate use of the All Writs Act designed to procedurally side-step the AEDPA simply because he does not have permission to file another § 2255 petition.

Boyd's second argument relies on Rule 60(b), which was also previously used by this defendant. On this theory, Boyd seeks to reopen his first § 2255 and requests that this Court "consider applying the correct standard of review." Motion for Relief at 3. [5] Liberally construed, Boyd's motion proffers two arguments: 1) this Court denied his first § 2255 without properly applying the Waller test[6],

[5] Boyd's Motion for Relief is not paginated. The government counted the pages assigning a number by counting the cover sheet as the first page and the first page of the memorandum as page 2, et. seq.

[6] Under Waller, 467 U.S. at 45, "the presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."

and 2) the district court improperly denied his first § 2255 without an evidentiary hearing in violation of Owens v. United States, 483 F.3d 48 (1st Cir. 2007).[7] Again, Boyd's motion, akin to a second or subsequent § 2255 filing, fails for lack of prior authorization.

Finally, Boyd argues that the AEDPA violates the Suspension Clause because it bars Boyd's use of "new legal developments" to gain habeas relief. Boyd argues that the First Circuit decision in Owens represents new law, and that the holding of that case is retroactively applicable. Owens, 483 F.3d 48 (1st Cir. 2007). He is simply wrong.

### B. The Court Lacks Jurisdiction to Hear Boyd's Claim Relying on the All Writs Act, 28 U.S.C. § 1651

Boyd relies in error on the All Writs Act, 28 U.S.C. § 1651, to argue that this statute gives this Court power to vacate his conviction. Boyd offers United States v. Morgan as support. [8] Boyd argues broadly that his claim is analogous to that case and thus the outcome should be the same. Boyd claims that the Supreme Court in Morgan issued the Writ "on the ground that the defendant had not been represented by counsel and had not competently and

[7] Boyd claims that the Court used a "post-hoc construction of events" when denying his first § 2255, and instead was required to hold an evidentiary hearing as was required in Owens. Motion for Relief at 9.

[8] Boyd erroneously cites United States v. Morgan as "364 U.S. 501, 506 n.4 (1954). The proper citation for this case is, United States v. Morgan, 346 U.S. 502 (1954).

intelligently waived his constitutional right to counsel." Motion for Relief at 3. Boyd argues that, similarly, his complaint justifies issuance of a Writ because he "did not waived [sic] his constitutional right to a public trial." Motion for Relief at 3. Putting the vague, conclusory, and inapposite nature of this argument aside, the government maintains that § 1651 does not entitle Boyd to relief at all because it would be an inappropriate use of the All Writs Act.

The pertinent language of the statute provides, "all courts established by Act of Congress may issue all writs *necessary or appropriate....*" 28 U.S.C. § 1651 (emphasis added). The Supreme Court directly stated, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Penn. Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985); see Carlisle v. United States, 517 U.S. 416, 429 (1996) (same). Thus, a Writ under § 1651 is only "necessary" or "appropriate" when no other statute specifically addresses the issue. In this case, § 2255 is the appropriate jurisdictional and procedural basis for relief.

The second part of the All Writs Act refrain directs courts to issue all necessary and appropriate writs "*in aid of their respective jurisdiction* and agreeable to the usages and principals of law." 28 U.S.C. § 1651 (emphasis added). By ignoring and procedurally sidestepping the AEDPA, Boyd's improper use of the All Writs Act does not aid the Court but rather attempts to defeat the principals of law so clearly delineated by Congress in the AEDPA. See Penn. Bureau of Corrections, 474 U.S. at 43 (the Supreme Court held, "[a]lthough that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate"). Thus, the Writ is in aid of the court's jurisdiction "when the need arises," but a petitioner cannot invoke § 1651 merely because the applicable statute is inconvenient. See id.

A Motion pursuant to § 2255 is generally considered to be the exclusive means for a collateral attack on a federal conviction. When § 2255 directly addresses a petitioner's claim, the existence of a procedural bar to a § 2255 claim, a petitioner's inability fulfill the requirements of that statute, or a petitioner's wish to re-litigate an issue unsuccessfully brought under § 2255, does not justify

relief under The All Writs Act. See: Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) ("the mere fact Caravalho is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."); Tavares v. Massachusetts, 59 F. Supp. 2d 152, 155 (D.Mass. 1999) ("[m]oreover, writs of coram nobis and audita querela are not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. 2255. . . ."); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (denying defendant's claim for relief under the writ of error coram nobis when defendant had already ineffectively brought the same claim under § 2255, a motion for permission to file a second or successive § 2255, and a Rule 60(b) motion).

Here Boyd again complains that the Court somehow violated his constitutional right to a public trial. He has previously argued that point in a myriad of factually inconsistent and legally deficient ways. Because Boyd requests relief based on a violation of the Sixth Amendment to the Constitution of the United States, § 2255 clearly governs this collateral attack on his conviction. [9] The

[9] The pertinent language of § 2255 states in part, "a prisoner in custody under sentence of a court established by Act of Congress . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . or is otherwise subject to

fact that Boyd has utilized § 2255 to litigate this claim in the past demonstrates his understanding that § 2255 governs his claim.

Boyd bypassed the courtroom closure issue on direct appeal; then brought the issue in his original § 2255, his appeal of the denial of his § 2255, and his first and second requests for a COA. Under § 2255(h), Boyd may apply again to the First Circuit to file a successive § 2255 provided he possesses newly discovered evidence or a retroactive case stating a new rule of constitutional law. 28 U.S.C. § 2255(h). Section 2255 directly addresses Boyd's claim, and that section may still provide relief if, and only if, he complies with that threshold requirement. In this Motion for Relief, Boyd inappropriately attempts to re-litigate the same courtroom closure issue via the All Writs Act, § 1651. However, § 2255 remains an effective remedy for relief, and the mere inconvenience of its procedural rules does not make the All Writs Act an available alternative.

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct that sentence." 28 U.S.C. § 2255(a).

C. **The AEDPA also Procedurally Bars Boyd's Rule 60(b) Motion as a Second or Successive § 2255, and Boyd's Courtroom Closure Claim Does Not Entitle him to an Evidentiary Hearing**

1. **Boyd's claim, relying on Waller to reopen his first § 2255, is a Second or Successive § 2255 motion**

Boyd's Motion for Relief, under Rule 60(b), essentially contains two components. First, Boyd argues that when ruling on his first § 2255, this Court applied the "wrong standard" in assessing the alleged partial closure of the courtroom at trial. Although Boyd claims a defect in the integrity of the proceeding in which the Court denied his first § 2255, in substance, this allegation attacks the ultimate disposition of the matter by the Court. As such, it is a successive § 2255, not a Rule 60(b) motion.

According to the Supreme Court, the substance of a Rule 60(b) motion determines whether it is, in essence, a second or successive § 2255 petition, or is in fact a "true" Rule 60(b) motion. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)[10]. When a Rule 60(b) motion presents a "claim," that motion "is in substance a successive habeas

[10] Although Gonzalez dealt with a claim under 28 U.S.C. § 2254, this Court has held that the Court's reasoning in that case is "applicable to § 2255 proceedings as well." Lascola v. United States, CA. No. 03-

petition and should be treated accordingly." Id. at 531. According to the Court in Gonzalez, a motion brings a "claim" if it "attacks the federal court's previous resolution of a claim on the merits...." Id. at 532. In addressing the meaning of the term "on the merits," the Supreme Court noted in footnote 4 that it refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief. . . ." Gonzalez, 545 U.S. at 532.

As explained by the court in Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006), "a 60(b) motion is a second or successive petition if it *in substance or effect* asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. (emphasis added). If a claim on the habeas court "includes (or necessarily implies)" a related claim on the district court, "the motion will ordinarily be considered a second or successive petition because *any ruling would inextricably challenge the underlying conviction proceeding*." Id. at 1216 (emphasis added).

In contrast, a claim is a "true" Rule 60(b), and thus does not fall under the confines of § 2244, when it

---

370ML, 2007 WL 1847395, *2 (D.R.I. June 25, 2007).

attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." Gonzalez, 545 U.S. at 532. But, that is not the case here.

Courts are typically unimpressed by the simple titling of a motion when determining the substance of that motion. Several circuits have held that a court must look to the subject matter of the application, and not the label placed on it by the applicant in determining whether a motion has been properly named. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("[i]t is routine for courts to construe prisoners petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."); United States v. Lloyd, 398 F.3d 978, 979-80 (3d Cir. 2005) ("[a]ny motion filed in the district court that imposed the sentence, and *substantively* within the scope of § 2255, ¶1, is a motion under § 2255, no matter what title the prisoner plasters on the cover," and continued, "the name makes no difference. It is substance that controls.") (emphasis added).

Although Boyd titles his motion as a Rule 60(b), he clearly attacks the substance of the Court's resolution of his case. Although he did not raise Waller originally, Boyd now argues that this Court erred in its ruling on his

first § 2255 because it did not properly utilize Waller when concluding that Boyd's closure claim was without merit. Boyd's newest Rule 60(b) argument presents a "claim" because he attacks the district court's previous resolution of his courtroom closure claim, not a defective procedure utilized to reach that decision. See Gonzalez, 545 U.S. at 530.

Boyd's motion is in substance or effect a successive § 2255 because he reasserts the same basis for relief in arguing that the trial court denied him his constitutional right to a public trial. See Spitznas, 464 F.3d at 1215. Boyd's Rule 60(b) challenge to this Court's ruling in his first § 2255 would "inextricably challenge the underlying conviction proceeding". Id. at 1216. As such, Boyd's motion is in fact a habeas corpus application, and thus the limitations of § 2244 govern. Boyd must first obtain permission to file another § 2255 because his motion, both in substance and effect, is a second or successive § 2255. Boyd has not obtained that permission and therefore the AEDPA procedurally bars Boyd from bringing this claim.

Should the Court find that Boyd's argument regarding Waller and the "wrong standard" is in fact an attack on a defect in the first § 2255 proceeding, and as such is a "true" Rule 60(b), this claim still must fail. Boyd cites

to no specific section of Rule 60(b). Boyd merely quotes Klapprott v. United States, 335 U.S. 601 (1949) for the general proposition that Rule 60(b) embodies the "power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." [11] Motion for Relief at 3. Since the Klapprott case examined a claim under Rule 60(b)(4), the government presumes that Boyd moves under that subsection of the Rule. See Klapprott, 335 U.S. at 609.

Rule 60(b) authorizes a petitioner to "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." [12] Gonzalez, 545 U.S. at 528. Motions brought under Rule 60(b) are subject to the limitations in Rule 60(c)(1) which requires motions to be made within a reasonable time, or within one year when citing relief for excusable neglect, newly discovered evidence, and fraud. See id. at 535. In the First Circuit, a "reasonable time" depends on the facts of the case, but "[t]he relevant considerations include, whether the parties have been prejudiced by the delay and whether a

[11] Boyd does not cite a page number.

[12] Federal Rule of Civil Procedure 60(b) includes relief for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) void judgment, (5) judgment has

good reason has been presented for failing to take action sooner." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660-61 (1st Cir. 1990).

Boyd has not, nor could he, argue that he brings his claim within a "reasonable time." Boyd offers no good reason for the delay in bringing his claim. Boyd originally submitted the affidavit of his foster mother to support his first COA request in 2002. Presumably, by virtue of familial standing, Boyd knew or could have known those facts as early as 1997. Boyd legally supports his 60(b) claim by relying on the Waller case, decided in 1984. Generously, Boyd possessed all of the information upon which he now relies almost six years ago. Arguably, he had all the facts and law he needed to press this claim more than a decade ago. Boyd advances no new theory or explanation as to why he only now attempts to use that information to acquire relief under Rule 60(b). Further, this delay highly prejudices the government. Attempting to investigate and litigate this issue more than ten years after the trial would be wholly unfair.

The court in Boch Oldsmobile, found that the defendant had not filed his Rule 60(b) motion in a "reasonable time"

---

been satisfied, or (6) any other reason.

because he brought it "more than three years after entry of the decree," and more than a year after the decision of the case he relied upon. 909 F.2d at 661; see also, Lascola v. United States, No. 03-370, 2007 WL 1847395, *3 (D.R.I. June 25, 2007) (defendant's motion under Rule 60(b)(4)&(5), brought four and a half years after the court issued its ruling on his § 2255, denied because "[s]uch a time lapse is not reasonable.").

Boyd now brings this newest Rule 60(b) claim in 2008 to reopen the denial of his first § 2255 in 2001, using an affidavit he first filed to support a request for a COA in 2002, all of which relates back to the conduct of his trial more than a decade ago. The passage of: six years since he created the affidavit; almost seven years since the denial of his first § 2255; more than a decade since his trial and; almost fourteen years since the Waller decision, cannot be said to be a "reasonable" time. As such, the restrictions inherent on Rule 60(b) motions provided in Rule 60(c)(1) present a time-bar for Boyd to bring this claim.

Finally, the First Circuit previously heard and decided the issue of whether the trial court improperly closed the courtroom. Boyd has no new information, relies on no new case law, and argues no new theory to advance his

partial courtroom closure claim, but rather, relies solely on a fourteen year old case and a six year old affidavit. The First Circuit's thorough assessment of this issue presents a bar to Boyd's continued advancement of this claim. See Boyd v. United States, No. 02-1036 (1st Cir. May 24, 2002); and (1st Cir. Order, July 10, 2002).

**2. Boyd argues that Owens entitles him to an evidentiary hearing**

In the second part of Boyd's Rule 60(b) claim, he argues that the Owens case requires this Court to grant him an evidentiary hearing with regard to his courtroom closure issue. Boyd complains that this Court denied his first § 2255 based on a "post-hoc construction of events." Motion for Relief at 9. Boyd further argues that Owens, "uprooted any principle that a defendant in Petitioner's situation was not entitled to an evidentiary hearing on his Sixth Amendment contention." Motion for Relief at 9.

Boyd is not entitled to an evidentiary hearing. A court must grant a hearing "to determine the issues and make findings of fact and conclusions of law . . ." Machibroda v. United States, 368 U.S. 487, 494 (1962) (internal quotation marks omitted) "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Id. at 494 n.3.

A hearing is an exception to the general rule that a petitioner is not entitled to a hearing as a matter of right. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (holding, "a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment."). A court has discretion to deny a hearing when, "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (internal quotation marks omitted).

Boyd's claims and allegations on the courtroom closure issue run afoul of all three disqualifications. In the judgment of the appellate court, no factual hearing was necessary, because no closure occurred when there was merely a temporary restriction on ingress and egress for legitimate security reasons. Boyd v. United States, No. 02-1036 (1st Cir. Judgment, May 24, 2002) (citing Bell v. Evatt, 72 F.3d 421, 433 (4th Cir. 1995)). Boyd merely makes the same general allegation, supported with the same

affidavit used in his first COA request. In Boyd's request for an evidentiary hearing, he offers no additional support for his allegations other than the conclusory and self-serving affidavit dismissed as inadequate six years ago. The First Circuit observed in David, "[a]llegations that are so evanescent or bereft of detail that they cannot reasonably be investigated (and, thus, corroborated or disproved) do not warrant an evidentiary hearing." 134 F.3d at 478.

Finally, even if Boyd had properly filed a second or subsequent § 2255 petition, Owens is a First Circuit case decided in 2007. Owens v. United States, 483 F.3d 48 (1st Cir. 2007). Boyd's case concluded before the decision in Owens, and as such the court's decision cannot be retroactively applied. See Teague v. Lane, 489 U.S. 288, 309 (1989) (holding habeas corpus courts may only apply constitutional standards that were in place at time of original action); Sepulvelda v. United States, 330 F.3d 55, 60 (1st Cir. 2003) (holding courts cannot apply procedural rules retroactively on collateral review).

Boyd's conviction became final in 2000 when the Supreme Court denied his Petition for Writ of Certiorari. See United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert. denied, Boyd v. United States, 528 U.S. 1098 (2000).

The Owens case, decided seven years later, cannot now be applied retroactively to Boyd's claims.

D. **The AEDPA Does Not Render Habeas Remedy Ineffective or Inadequate, and Thus Does Not Violate the Suspension of the Writ Clause**

Finally, Boyd argues that the AEDPA's limitation on second or subsequent habeas relief constitutes an unlawful Suspension of the Writ of Habeus Corpus because it prevents him from gaining collateral review based on new legal developments. To support this conclusion, Boyd relies only on Rodriguez v. Artuz, 161 F.3d 763, 724 (2d Cir. 1998). Although he does not even clearly state this claim, it appears that Boyd argues that Owens provides him a "new legal development" under which he can bring his request to re-open the denial of his first § 2255. 483 F.3d 48 (1st Cir. 2007). Boyd's argument is wholly without merit.

The Suspension Clause acts to protect against arbitrary suspension of the Writ of Habeas Corpus and misuse of the Writ. Boumediene v. Bush, 128 S.Ct. 2229, 2247 (2008). As stated by the Supreme Court, "[t]he Clause protects the rights of the detained by affirming the duty and authority of the Judiciary to call the jailer to account." See id. Thus, the Suspension Clause ensures the availability of the Writ of Habeas Corpus for petitioners to challenge their imprisonment. However, use of the Writ

is not without its procedural safeguards. The AEDPA includes a gatekeeping function. See id. at 2264. The AEDPA properly "restricts a prisoner's ability to bring new and repetitive claims in 'second or successive' habeas corpus actions." Id.

Under the AEDPA, a petitioner can bring a new claim for habeas corpus relief in two ways. First, under 28 U.S.C. § 2255(f), a petitioner may file a new § 2255 up to one year from the recognition of a *newly recognized right* "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Secondly, a petitioner may file a second or successive § 2255 under 28 U.S.C. § 2255(h). To file such a motion, a petitioner must first gain permission from the court of appeals under 28 U.S.C. § 2244(3)(A). This motion must contain "*a new rule of constitutional law*, made retroactive to cases on collateral review by the Supreme Court...." 28 U.S.C. § 2255(h)(2) (emphasis added). A new constitutional rule does not apply retroactively to cases that have already become final on direct review, unless the rule is a substantive one or is a "watershed" rule of criminal procedure that implicates the fundamental fairness and

accuracy of a criminal proceeding. See Teague, 489 U.S. 288 (1989).

The court in Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003), found that "AEDPA's statute of limitations is not a per se violation of the Suspension Clause." A denial of a first § 2255 and a defendant's inability to meet the AEDPA's requirements for a second or subsequent petitions does not automatically implicate the Suspension Clause. See id. In the Villanueva case, the court found that the "application of AEDPA's second or successive requirements to his petition does not violate the Suspension Clause because he had some reasonable opportunity to have his claims heard on the merits." Id. at 62 (internal quotation marks omitted).

Boyd requests collateral review of "new legal developments" laid out in Owens. However, Owens provides no basis for Boyd to bring a second or successive § 2255. As specifically stated in the statute, the newly recognized right or new constitutional law must come from the Supreme Court of the United States. 28 U.S.C. § 2255(f)(3); 28 U.S.C. § 2255(h)(2). Additionally, this law or right must be specifically made retroactively applicable. Id. Owens is neither.

Even without reference to Owens, and merely arguing that the AEDPA is an unconstitutional restriction on habeas relief, Boyd does not have any basis to complain. The Supreme Court has held that the added restrictions on second or successive § 2255 petitions as set by the AEDPA are "well within the compass" of the ever-evolving abuse of the writ doctrine, and "do not amount to a 'suspension' of the writ contrary to Article I §9." Felker v. Turpin, 518 U.S. 651, 664 (1996). Boyd has clearly abused many procedural rules in his unending quest to find fault where none exists in a process that has been as full and fair as is possible.

In Boumediene, the Supreme Court held that, "where relief is sought from a sentence that resulted from the judgment of a court of record... considerable deference is owed to the court that ordered the confinement." 128 S.Ct. at 2268. Boyd has had more than a reasonable opportunity for the Court to hear his claims. The restrictions on a second § 2255 are far from burdensome and even further from being a suspension of the Writ. This Court and the First Circuit have fully heard and adjudicated Boyd's courtroom closure claim. As such, Boyd's argument that the AEDPA's restrictions are a violation of the Suspension Clause are unsupported and completely without merit.

The Court conducted a fair trial. A duly constituted jury fairly convicted Boyd. That full and fair trial by jury was tested on appeal and has now been subject to numerous post conviction reviews. That process and those decisions are owed "considerable deference." See Boumediene, 128 S.Ct. at 2268.

**IV. CONCLUSION**

The Court should deny Boyd's Motion for Relief because the issue has been fully heard and decided. Boyd is procedurally barred from re-litigating his claim because he has not gained the necessary permission to do so and Boyd's claims lack merit. Further, Boyd is not entitled to an evidentiary hearing because his petition is not supported by the record and it is inherently incredible.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorney,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S. Attorney
RI Bar 3134
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel(401)709-5000/Fax(401)709-5001
Email gerard.sullivan@usdoj.gov
Shannon VanNorman, Law Intern

**CERTIFICATE OF SERVICE**

On this 29th day of August, 2008, I caused the within Objection to be filed electronically and it is available for viewing and downloading from the ECF system. Notification by first class mail, postage prepaid:

Terrence Boyd, Pro-se
Reg. No. 04225-070
USP-Lewisburg
P.O. Box 1999
Lewisburg, PA 17837-1000.

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S. Attorney
RI Bar 3134
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel(401)709-5000/Fax(401)709-5001
Email gerard.sullivan@usdoj.gov