## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

TERRANCE BOYD                    :
                                 :
vs.                              :          C.A. No. 00-612-ML
                                 :
UNITED STATES OF AMERICA   :

### MEMORANDUM AND ORDER

Before the Court is Terrance Boyd's "Motion for Relief from Judgment under 28 U.S.C.

§1651 and Federal Rules of Civil Procedure, Rule 60(b)" (motion for relief). The Government has

filed an Objection to the motion, which incorporates a supporting memorandum. The instant motion

represents yet another in a lengthy series of applications for postconviction relief brought by Boyd

in this Court.[1] For the reasons set forth below and those set forth in the Government's Objection,

the instant motion must be denied.

### BACKGROUND AND TRAVEL

Following a 44-day jury trial, Boyd was convicted in 1997 of racketeering and conspiracy

to commit racketeering (in violation of 18 U.S.C. §1962(c) and(d)), commission of murder in aid

of racketeering (18 U.S.C. §1959(a)(1) and 18 U.S.C. §2), witness intimidation (18 U.S.C.

§1512(b)(3) and 18 U.S.C. §2) and possession of a firearm by a convicted felon (18 U.S.C.

§922(g)(1)), which offenses occurred in 1994 and 1995.  His conviction was affirmed on direct

appeal, see Lara v. United States, 181 F.3d 183 (1st Cir. 1999), cert. denied, Boyd v. United States,

528 U.S. 1098 (2000).  Boyd did not raise any courtroom closure issues in this appeal.

Boyd then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which included

---

[1] The complex and convoluted history of Boyd's postconviction filings is extensively described in the Government's Objection to Boyd's motion.  (See Gov't Obj. at 1-9.)  Only the filings pertinent to the issues raised by the instant motion are discussed herein.

*inter alia* a claim of ineffective assistance due to his counsel's failure to challenge this Court's restrictions on spectator ingress and egress during the trial, which, he contended, amounted to partial closure of the courtroom in violation of his constitutional rights as set forth in Waller v. Georgia, 467 U.S. 39 (1984). This Court denied relief on all claims, finding that the restrictions on courtroom ingress and egress did not result in courtroom closures in violation of his Sixth Amendment rights. See Boyd v. United States, C.A. 00-612-ML, Memorandum and Order dated (D.R.I. November 9, 2001) ["11/9/01 Mem. & Order"].

Boyd sought a Certificate of Appealability (COA) to review of this Court's denial of §2255 relief. He asserted various grounds, including ineffective assistance based on counsel's failure to object to the exclusion of his family members during jury selection, which differed from the courtroom restriction he challenged before this Court.[2] The Court of Appeals rejected all claims and declined to issue a COA. See Boyd v. United States, Dkt. No. 02-1036, Judgment (1st Cir. May 24, 2002) ["5/24/02 Judgment"]. Boyd then petitioned for re-hearing, this time asserting the ineffective assistance claim he raised before this Court – i.e., based on counsel's failure to object to the partial closure of the courtroom during trial. The Court of Appeals denied rehearing, finding that the courtroom restrictions, at most, amounted to a partial closure and were validly based on security considerations and the need to minimize disruptions and distractions during a lengthy trial. Id., Order dated July 10, 2002 ["7/10/02 Order"].

After filing additional applications for post-conviction relief on unrelated grounds, Boyd filed the instant motion for relief. In his motion Boyd again seeks to challenge the courtroom restrictions imposed by this Court during his underlying criminal trial. He purports to do this by attacking: (1)

---

[2] In support of this ground Boyd tendered affidavits from his foster mother and himself. He has submitted no new affidavits in support of the instant motion for relief but appears to rely on these previous affidavits. The affidavits in any event do not affect this Court's ruling herein.

his conviction in his criminal case (CR 95-075-ML), via the All Writs Act, 28 U.S.C. §1651;[3] and (2) the judgment denying his §2255 motion to vacate (CA 00-6132-ML), via Rule 60(b) of the Federal Rules of Civil Procedure. (See Reply at 2.)

DISCUSSION

As a threshold matter, this Court notes that the substantive claim which Boyd seeks to assert -- that this Court's restrictions on courtroom ingress and egress by spectators during his criminal trial constituted a violation of his Sixth Amendment right to a public trial -- has previously been considered and rejected by both this Court, see 11/9/01 Mem. & Order, and the Court of Appeals, see 7/10/02 Order. In its ruling the Court of Appeals upheld this Court's restriction on access to and from the courtroom during court sessions, noting that such restrictions amounted, at most, to a partial closure, and that this Court's explanation that those restrictions were based on security considerations and efforts to limit interruptions and minimize distraction to the defendants, witnesses and counsel during the proceedings constituted a substantial reason justifying the restrictions. Id. at *2.[4] In view of these prior adjudications, it follows that Boyd may not seek to re-assert the claim under any guise.

---

[3] The All Writs Act, codified at 28 U.S.C. § 1651, provides in pertinent part:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

[4] In upholding this Court's ruling, the Court of Appeals noted:

Although this circuit has yet to rule on the issue, "several other courts of appeals have held that the Sixth Amendment test laid down in Waller, 467 U.S. at 48, need be less stringent in the 'partial' closure context; that is to say, a 'substantial reason,' rather than an 'overriding interest,' see id., may warrant a closure which ensures at least some public access. . . . As yet, no court of appeals has held otherwise." United States v. DeLuca, 137 F.3d 24, 33 (1st Cir. 1998) (citations omitted). In its memorandum and order denying Boyd's motion pursuant to 28 U.S.C. § 2255, the district court explained that "security considerations" and an "effort to limit interruptions and minimize distractions to defendants, witnesses and counsel and members of the jury during the proceedings" were the reasons for restricting the times during which the public could enter and exit the courtroom. Given the number of defendants and, consequently the large number of spectators at the trial, this explanation constitutes a substantial reason justifying the restriction. See United States v. Lampley, 127 F.3d 1231, 1239 (10th Cir. 1997) (noting that requiring people to be in their seats within a reasonable time is within the [trial judge's] managerial authority).

7/10/02 Order at *2. Boyd's petition for rehearing en banc was likewise denied. Boyd v. United States, Dkt. No. 02-1036, Order (1st Cir. September 4, 2006).

The foregoing alone constitutes sufficient grounds to dismiss the instant motion for relief. Seeking to avoid this result, Boyd contends that on the bases he asserts, his courtroom closure claim nevertheless warrants relief, or at least an evidentiary hearing. However, as the Government points out, both bases of Boyd's motion for relief are procedurally and substantively flawed and Boyd's claim constitutes nothing more than a 'second or successive' § 2255 motion which this Court may not consider.

A.   All Writs Act

Boyd's invocation of the All Writs Act as a vehicle for asserting his claim constitutes nothing more than an attempt to "sidestep" the strictures of § 2255.

The First Circuit has recently had occasion to discuss the availability of the All Writs Act in the postconviction setting. In Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008), the Court of Appeals considered whether a challenge to the procedure used in imposing a petitioner's sentence could be raised by a petition for writ of error coram nobis (or in the alternative a writ of audita querela)[5] under the All Writs Act, rather than by a motion to vacate pursuant to 28 U.S.C. § 2255. The court noted that although the § 2255 remedy does not preempt the entire array of common-law writs authorized under the All Writs Act, that Act, at most, "constitutes 'a residual source of authority to issue writs that are not otherwise covered by statute.'" Id. at 97 (citing Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). The court further noted that when construing a motion for postconviction relief, such as the instant motion, "courts must be guided by the precept that substance trumps form. Id. at 97. "Thus, '[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.'" Id. (quoting Melton v. United States, 359 F.3d 855,

_____

[5] While historically each of these writs have separate origins and designs, both writs are encompassed by 28 U.S.C. § 1651(a) and for purposes of this Memorandum and Order, need not be separately discussed. See Trenkler, 536 F.3d at 90, n. 2.

857 (7th Cir. 2004) (emphasis in original).[6]

Here, the claim that Boyd asserts -- that this Court's alleged partial closure of the courtroom during his criminal trial was in violation of Waller and thus deprived him of his Sixth Amendment right to a public trial -- in essence constitutes an attack on his conviction, and thus falls within the ambit of § 2255.    Further, in view of Boyd's prior § 2255 motion to vacate and appeals therefrom, the instant motion for relief constitutes a second or successive motion under § 2255. Thus, to the extent this motion purports to be based on the All Writs Act, it cannot succeed. "'The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255.'" Trenkler, 536 F.3d at 98 (quoting United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999)).

Boyd invokes Owens v. United States, 483 F.3d 48 (1st Cir. 2007), to show he is entitled to an evidentiary hearing on his courtroom closure claim. This reliance is misplaced. In Owens, the Court of Appeals held *inter alia* that a § 2255 petitioner was entitled to an evidentiary hearing on his claim that the complete closure of the courtroom during jury selection proceedings violated his constitutional right to a public trial. Id. at 61-66. That decision, however, comes some six years after this Court's denial of Boyd's initial § 2255 courtroom closure claim and the appellate Orders effectively upholding that denial.    The pertinent holding in Owens is procedural rather than substantive and thus does not constitute a new rule of substantive law. See Teague v. Lane, 489 U.S. 288, 309 (1989) (new constitutional rules of criminal procedure are not retroactive unless they

---

[6]    In Trenkler, the petitioner sought to vacate a sentence of life imprisonment that had been imposed without a jury recommendation, as required by statute. The Court of Appeals found that § 2255 was the appropriate vehicle for relief rather than the All Writs Act. Id. at 97-98. The fact that the petition, properly characterized as one under § 2255, would have constituted a "second or successive" § 2255 motion which the district court was not authorized to consider, did not alter the result, nor did it justify the invocation of the All Writs Act. Id. The court further found that § 2255 was both adequate and effective to address petitioner's claim and thus the savings clause of that provision did not apply. Id. at 98-99. Moreover, because Trenkler had multiple opportunities in prior proceedings to present his claim and because he did not assert his actual innocence, there was no miscarriage of justice or fundamental unfairness in the proceedings that might otherwise trigger the savings clause. Id. at 99-100.

constitute substantive rulings or watershed procedural rulings that implicate fundamental fairness); Sepulveda v. United States, 330 F.3d 55, 60 (1st Cir. 2003) (courts cannot apply procedural rules retroactively on collateral review).[7]

In any event, Boyd has failed to show the existence of any disputed facts that would require an evidentiary hearing, particularly in light of the previous determination by the Court of Appeals that the restrictions on courtroom ingress and egress during his trial were reasonable. See 7/10/02 Order. See also United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (a prisoner who invokes § 2255 is not entitled to an evidentiary hearing as a matter of right); David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted)

Boyd's further claim that the application of § 2255's second or successive provision effectively constitutes a suspension of the writ of habeas corpus likewise misses the mark. The fact that the instant motion, properly characterized, constitutes a "second or successive" § 2255 motion, which this Court would have been precluded from considering, does not render § 2255 "inadequate or ineffective" so as to warrant the bringing of a petition under the All Writs Act. See Trenkler, 536 F.3d at 99. Moreover, Boyd, like Trenkler, had multiple opportunities in prior proceedings, including his previous § 2255 motion, to seek judicial review of the claim he asserts here. In addition, Boyd does not assert any claim of actual innocence, and there was otherwise no miscarriage of justice or infringement of fundamental fairness in his trial proceedings.

---

[7]   This Court notes that even if the Owens decision could somehow be considered in this proceeding, it is factually dissimilar to the instant case. In Owens, the court, due to space considerations, cleared the courtroom of all spectators during jury selection proceedings, and spectators were not permitted back into the courtroom even as prospective jurors were excused and seats became available. Here by contrast, this Court merely *restricted* spectator movement in and out of the courtroom during trial proceedings, which, as the Court of Appeals recognized, constituted only a partial closure.

B.   Rule 60(b)

Boyd's claim likewise fails to qualify for relief under Rule 60(b) of the Federal Rules of Civil Procedure.[8]  Rule 60(b) is available to reopen a judgment denying §2255 relief only when it challenges irregularities in the § 2255 proceedings rather than the underlying criminal judgment itself.  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (postconviction motion which attacks federal court's previous resolution of a claim on the merits – rather than "some defect in the integrity of the federal habeas proceedings" -- advances a claim relative to the merits and thus constitutes a second or successive motion that may not be brought without circuit authorization.);  Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003) (rule 60(b) motion seeking relief from a judgment denying § 2255 relief must be treated as a second or successive habeas petition if factual predicate of motion constitutes a direct challenge to petitioner's underlying conviction rather than attacking only the manner in which the earlier habeas judgment has been procured).

Here, Boyd's motion for relief -- which seeks to resurrect a twice-rejected claim concerning this Court's alleged partial closure of the courtroom during his trial -- is clearly directed at challenging his conviction rather than any irregularity in his initial § 2255 proceedings. As such, that motion constitutes a "second or successive" petition which this Court lacks jurisdiction to consider absent court of appeals certification. See Trenkler, 536 F.3d at 96 (citing Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)).

---

[8]   Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In short, Boyd's two asserted routes for relief end up in the same destination -- his claim in essence constitutes a second or successive petition for relief under § 2255 which this Court is precluded from considering and which, as noted above, has in any event already been adjudicated and rejected.

This Court has considered Boyd's other arguments and finds them to be without merit.

<u>CONCLUSION</u>

In view of the foregoing considerations, Boyd's motion for relief is DENIED and DISMISSED.[9]

So Ordered:

Mary M. Lisi
Chief United States District Judge
February 3, 2009

_____

[9] Because, as discussed <u>supra</u>, this Court finds Boyd's claim to be totally lacking in merit, it declines to transfer this motion to the First Circuit but rather dismisses it outright. <u>See</u> <u>Barrett</u>, 178 F.3d at 41 and n. 1 (district court may either dismiss or transfer 'second or successive" § 2255 petition).

The Court further directs that this ruling be entered docketed in Boyd's criminal case, CR 95-075-ML as well as in the instant proceeding.